[Cite as *State v. Fulton*, 2025-Ohio-1707.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-P-0052 |
| Plaintiff-Appellant, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ZACHARY A. FULTON, | |
| Defendant-Appellee. | Trial Court No. 2024 CR 000293 |

## OPINION AND JUDGMENT ENTRY

Decided: May 12, 2025
Judgment: Reversed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*John P. Laczko*, Portage County Public Defender; *Shawn F. Burns* and *Alonda Ann Bush*, Assistant Public Defenders, 209 South Chestnut Street, Suite 400, Ravenna, OH 44266 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1}  Appellant, the State of Ohio, appeals from the judgment of the Portage County Court of Common Pleas that granted the motion to suppress of appellee, Zachary A. Fulton.  For the following reasons, we reverse the trial court's judgment.

{¶2}  After being bound over from the Ravenna Municipal Court, a grand jury indicted Fulton on three counts:  (1) aggravated possession of drugs, a third-degree felony, in violation of R.C. 2925.11; (2) aggravated trafficking in drugs, a third-degree felony, in violation of R.C. 2925.03; and (3) possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24.

{¶3}   Fulton filed a motion to suppress, contending the officers did not have probable cause to stop the vehicle; no consent to search the vehicle was requested or given; and any un-Mirandized statements, admissions against interest, and related physical evidence should be suppressed.

{¶4}   The trial court held a hearing at which the State presented as witnesses the two officers from the Ravenna Police Department that were involved in the traffic stop. Officer Zachary Milush ("Officer Milush") testified that on April 5, 2024, he was on patrol during the midnight shift in Ravenna.  At approximately 1:14 a.m., he observed a pick-up truck exiting the side driveway of Taco Bell.  The vehicle failed to stop prior to the sidewalk before exiting onto the public roadway of South Walnut Street.  The officer further explained the driver, later identified as Fulton, did stop the vehicle to look for oncoming traffic before turning onto the roadway but "stopped beyond the sidewalk."  Officer Milush notified Officer Dominic Nicolino ("Officer Nicolino") of the traffic violation (pursuant to R.C. 4511.431(A), "stopping prior to driving onto or across sidewalk") as a "professional courtesy."  Officer Nicolino was nearby and had observed the pick-up truck at a known drug location earlier in the evening.  Officer Nicolino effectuated the traffic stop, and Officer Milush assisted by standing with Fulton on the roadside while Officer Nicolino obtained consent from Fulton to search the vehicle.

{¶5}   On cross-examination, Officer Milush testified that the only way to exit the parking lot was to stop and yield to any oncoming traffic, as Fulton did.  He could not recall any traffic when Fulton turned onto the roadway, and there were no stop signs or other signs by the exit.

{¶6} Officer Nicolino testified that he observed Fulton's vehicle leave "a location that [the police] are very familiar with in the city." He advised Officer Milush the vehicle was at Taco Bell. Officer Milush reported that he observed a traffic code violation, prompting Officer Nicolino to effectuate a traffic stop. Officer Nicolino further testified he made contact with Fulton, advised him of the violation, and obtained Fulton's driver's license. He did a second approach of the vehicle and asked Fulton if he had insurance and anything illegal in the vehicle. Fulton advised him there was marijuana inside the vehicle and, upon further questioning, disclosed the marijuana was from a dispensary but that he had not purchased it directly from there. Fulton denied there were any other illegal drugs or weapons in the vehicle and granted the officer consent to search. Upon further questioning, Officer Nicolino clarified that Fulton said "sure" and gestured. Officer Nicolino asked Fulton to step out of the vehicle and performed a search of Fulton's pockets, locating a marijuana bowl. He then had Fulton stand by the roadside with Officer Milush while he searched the inside of the vehicle. Officer Nicolino located a backpack with methamphetamine inside. After reading Fulton his *Miranda* rights, Fulton refused to speak with him and requested a lawyer.

{¶7} On cross-examination, Officer Nicolino testified both his cruiser and body cameras recorded the traffic stop, but neither were introduced into evidence. He believed Officer Milush advised him Fulton stopped on the sidewalk, and he agreed that anybody exiting the Taco Bell must cross over the sidewalk at some point. Officer Nicolino had been parked "catty-corner" to the Taco Bell and was not able to observe Fulton go through the drive-thru or leave the restaurant's parking lot. Fulton informed the officer that the vehicle he was driving belonged to a friend and that his vehicle was being worked on at

the residence the officer had been watching. Officer Nicolino disputed that when Fulton said, "You're gonna do what you're gonna do, and threw his hands up," Fulton did not give him consent to search. Officer Nicolino stated he did not witness the traffic violation, and he did not charge Fulton with a traffic violation.

{¶8} The trial court granted Fulton's motion to suppress, making the following findings of facts:

> Officer Nicolino of the Ravenna Police Department observed Defendant's vehicle at a known drug house. The vehicle left and Officer Nicolino notified Officer Milush to keep an eye on the vehicle. The vehicle pulled into the Taco Bell parking lot, as observed by Officer Milush.
>
> Upon exiting the Taco Bell parking lot, it did not stop behind the sidewalk, but stopped on the sidewalk to let other traffic pass. There is no stop sign, there is no exit parking lot sign.
>
> Officer Milush then notified that [the vehicle] did not stop behind the sidewalk to Officer Nicolino and Officer Nicolino proceeded to stop the vehicle. Officer Nicolino did not witness the traffic violation and Officer Nicolino did not charge him with a traffic violation.
>
> Upon stopping the vehicle, he approached the vehicle, asked the Defendant to consent to search, if there were any dangerous drugs. He was granted consent to search, and drugs were found.

{¶9} The trial court concluded there was "insufficient probable cause to stop the vehicle." More specifically, the court found that the observed traffic violation was a pretext to stop the vehicle, that no traffic citation was issued, and that Fulton did stop the vehicle for oncoming traffic prior to exiting the parking lot.

{¶10} The State filed a notice of appeal of the trial court's judgment with a prosecutor's certification pursuant to Crim.R. 12(K) and R.C. 2945.67(A).

{¶11} The State raises one assignment of error for our review:

{¶12} "The trial court erred by granting the motion to suppress."

Case No. 2024-P-0052

**{¶13}** "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside*, 2003-Ohio-5372, ¶ 8. On appeal, "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

**{¶14}** "The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee the right to be free from unreasonable searches and seizures." *State v. Mays*, 2008-Ohio-4539, ¶ 7. Stopping an automobile and detaining its occupants constitutes a "seizure" within the meaning of the Fourth and Fourteenth Amendments. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979).

**{¶15}** The police may constitutionally stop a motorist if the seizure is premised upon either a reasonable suspicion or probable cause. *State v. Eggleston*, 2015-Ohio-958, ¶ 20 (11th Dist.). Specifically, "[t]he United States Supreme Court has stated that a traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime." *Mays* at ¶ 7. "[I]f an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *Id.* at ¶ 8. In addition, "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United

Case No. 2024-P-0052

States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." *Dayton v. Erickson*, 76 Ohio St.3d 3 (1996), syllabus.

{¶16} Further, "where a police officer conducts a traffic stop at the request of another officer, it is the knowledge of the requesting officer that determines the presence of articulable suspicion or probable cause." *State v. McClellan*, 2010-Ohio-314, ¶ 39 (3d Dist.), citing *Maumee v. Weisner*, 87 Ohio St.3d 295, 297 (1999).

{¶17} In this case, the trial court found Officer Nicolino observed Fulton's vehicle at a known drug house; he notified Officer Milush to keep an eye on the vehicle; upon exiting the Taco Bell parking lot, the vehicle did not stop behind the sidewalk, but stopped on the sidewalk to let other traffic pass; there is no stop sign or exit parking lot sign; Officer Milush notified Officer Nicolino that the vehicle did not stop behind the sidewalk; Officer Nicolino effectuated a traffic stop; Officer Nicolino did not witness the traffic violation; Officer Nicolino did not charge Fulton with a traffic violation; after stopping the vehicle, Officer Nicolino asked Fulton to consent to a search; and drugs were found in the vehicle.

{¶18} In its findings of fact, the trial court found that a traffic violation was observed but erroneously drew the legal conclusion that there was no probable cause to stop the vehicle, citing it as a mere pretext for the stop. However, "[w]here a police officer has an articulable reasonable suspicion that any offense, including a minor traffic offense, is occurring, the officer is permitted to stop the vehicle, even if the stop is allegedly pretextual." *State v. Cunningham*, 2009-Ohio-4394, ¶ 14 (7th Dist.), citing *Erickson* at 11-12; *accord State v. Howard*, 2010-Ohio-2817, ¶ 30 (11th Dist.). Further, whether the officer issued a traffic citation for the observed violation is not determinative. The

Case No. 2024-P-0052

Supreme Court of Ohio has stated that "the constitutionality of a prolonged traffic stop does not depend on the issuance of a citation." *State v. Batchili*, 2007-Ohio-2204, ¶ 21. "The failure to issue a traffic citation when there is an indication of a potentially far more significant crime is easily excused when more pressing issues are being addressed." *Id.* at ¶ 20.

{¶19} Accordingly, based on the findings of fact, the trial court erred in granting the motion to suppress. The State's sole assignment of error has merit.

{¶20} The judgment of the Portage County Court of Common Pleas is reversed.

EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-P-0052

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is reversed.

Costs to be taxed against appellee.

JUDGE MATT LYNCH

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-P-0052